COLLEY, Appellant,

v.

COLLEY, Appellee.

[Cite as *Colley v. Colley,* 186 Ohio App.3d 784, 2010-Ohio-1073.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–753.

Decided March 18, 2010.

Tyack, Blackmore & Liston Co., L.P.A., and Thomas M. Tyack, for appellant.

Hyslop & Hyslop Co., L.P.A., Jean Forquer Hyslop, and Bruce A. Hyslop, for appellee.

---

CONNOR, Judge.

{¶ 1} Plaintiff-appellant, Michael F. Colley ("appellant"), appeals from a judgment issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, following a postdecree hearing in which the trial court granted authority to a previously appointed special master to perform certain tasks involving the sale of the marital residence at issue herein.[1] For the reasons that follow, we vacate that judgment and remand this matter to the trial court.

{¶ 2} Appellant and defendant-appellee, Nancy D. Colley ("appellee"), were married on December 16, 1987. On January 30, 2007, appellant filed a complaint for divorce or legal separation.[2] On February 23, 2007, appellee filed an answer and counterclaim for divorce. Also involved in this matter is a third-party defendant, attorney Edward F. Whipps, as trustee of the Michael F. Colley Trust, which holds title to much of the Colleys' marital estate.

{¶ 3} Following a trial, which began on October 14, 2008, and lasted several days, the trial court issued a judgment entry on March 4, 2009, granting a divorce to appellee, allocating marital and nonmarital assets, ordering the sale of the marital residence, and appointing attorney Michael N. Schaeffer as a special master.

{¶ 4} The trial court had expressed concern regarding the trustee and whether or not he was preserving the assets of the estate. Citing Civ.R. 70 and various case law, the trial court appointed the special master in part "for the purpose of overseeing the sale of the assets ordered to be sold in this decree * * * and to take any other legal action as may be necessary to preserve the post-decree property interests." The special master was also given the full authority as set forth in Civ.R. 70 "to perform such other actions as may be necessary to complete the property division set forth herein."

{¶ 5} On April 2, 2009, a timely notice of appeal was filed by appellant, appellee, and the trustee with respect to the Judgment Entry Decree of Divorce. Those three appeals were assigned case Nos. 09AP–333, 09AP–335, and 09AP–

---

1. The special master was previously appointed by the trial court in its Judgment Entry Decree of Divorce, filed March 4, 2009. That judgment was later appealed on various grounds in case Nos. 09AP–333, 09AP–335, and 09AP–336.

2. At trial, appellant moved for leave to amend his complaint to proceed solely on the claim for legal separation. Leave was granted, but appellee proceeded on her counterclaim for divorce.

336 and were consolidated.[3] On appeal, the parties raised numerous assignments of error. Relevant to the instant appeal is appellant's assignment of error regarding the appointment of a special master, in which appellant challenged both the appointment and the purported authority of the special master.

{¶ 6} Notwithstanding the pending appeal in case No. 09AP–333, on June 11, 2009, the special master filed a motion asking the trial court to invoke its continuing jurisdiction to allow the special master to intercede to list and sell the marital residence. A postdecree hearing was held on June 18, 2009. The special master argued that in order to facilitate the sale of the property, the trial court's intervention was necessary because appellant was unwilling to lower the listing price on the property. Appellee did not oppose a change in the listing price, if necessary.

{¶ 7} On June 30, 2009, the trial court issued the decision and judgment entry from which the instant appeal arises, ordering that the special master shall have the sole authority to arrange for the listing and sale of the marital residence. The trial court further ordered the special master to seek court approval of any contract entered into for the sale of the property.

{¶ 8} On August 4, 2009, appellant filed a notice of appeal in this court and subsequently raised the following assignments of error for our review.[4]

"I. The trial court erred in ordering that the special master could obtain a listing contract for 6200 Dublin Road pursuant to authority of rule 70 given the status of the case.

"II. The trial court erred in issuing an order that the special master obtain a listing contract and set the value of the contract to sell the real estate located at 6200 Dublin Road because such real estate is not a part of the marital estate."

{¶ 9} On December 22, 2009, this court issued its decision regarding the appeals challenging the March 4, 2009 Judgment Entry Decree of Divorce in case No. 09AP–333. With respect to appellant's assignment of error in which he challenged the appointment and purported authority of the special master, we sustained appellant's assignment of error, finding that the trial court lacked authority to appoint a special master in this case. *Colley v. Colley,* 10th Dist. No. 09AP–333, 2009-Ohio-6776, 2009 WL 4936382, ¶ 15.

---

3. The three appeals shall be referred to collectively under the lowest case number, 09AP–333, throughout this decision.

4. On August 27, 2009, at the request of appellant, the trial court issued a judgment entry staying its June 30, 2009 order, which had granted the special master the authority to list and sell the marital residence.

{¶ 10} In that decision, we determined that the appointment of a special master was not authorized here for several reasons. First, we determined that Civ.R. 70 authorizes the appointment of a special master to undertake actions that have been ordered by the court only *after* the parties have failed to comply. Here, at the time of the appointment, there had not yet been a failure to comply, as the appointment was contemporaneous with the issuance of the order itself. Second, we determined that the appointment was improper because the court delegated to the special master duties that were not contemplated by Civ.R. 70. And third, we found no alternative to Civ.R. 70 that would properly authorize the trial court to appoint a special master in this case.

{¶ 11} Because we have previously determined that the appointment of a special master in this matter was improper, it follows that any order authorizing the special master to perform certain tasks would also be improper. Therefore, we sustain appellant's first assignment of error and thus find appellant's second assignment of error to be moot. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is vacated, and we remand this matter to that court for further proceedings consistent with this decision.

Judgment vacated
and cause remanded.

KLATT and FRENCH, JJ., concur.

